| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEW MEXICO | |

| | |
|---|---|
| **ESTATE OF CHRIS GASTON; CHRIS GASOTN, JR.** as the personal representative and administrator of this wrongful death claim on behalf of decedent, **CHRIS GASTON SR,** and **CHRISTA OLIVER**, adult daughter,<br><br>Plaintiffs,<br><br>vs.<br><br>**BOARD OF COUNTY COMMISSIONERS OF LEA COUNTY, NEW MEXICO; LEA COUNTY DETENTION CENTER; WARDEN JOHN DOE,** in his official capacity as Warden of the Lea County Detention Center; **NOR-LEA GENERAL HOSPITAL; CITY OF HOBBS POLICE DEPARTMENT; BOARD OF COMMISSIONERS OF THE CITY OF HOBBS**, a political subdivision of the State of New Mexico; **JOHN DOES I-X; JANE DOES I-X;** and **BLACK and WHITE ENTITIES I-X,**<br><br>Defendants. | No. \_**2:16-CV-1348**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs, for their Complaint against Defendants, allege as follows:

## **PARTIES**

1. Plaintiff Chris Gaston, Jr. is the duly appointed, qualified and acting Personal Representative of the Estate of Chris Gaston for purposes of NMSA 1978 § 45-3-108(A)(4) and is authorized to prosecute this action.

2. Plaintiffs, Chris Gaston, Jr. and Christa Oliver are the adult children of the decedent and at all times relevant to this cause of action, residents of Hobbs, County of Lea,

1

NM and as the son and daughter, are the best friends of decedent Chris Gaston, which is the basis of this claim.

3. Defendant Board of County Commissioners of Lea County, New Mexico is the appropriate party for actions brought against Lea County, a political subdivision of the State of New Mexico. At all times material hereto, the County was responsible for the operation of the Lea County Detention Center and for claims against it and as such, is properly subject to suit in this Court.

4. Lea County is a political subdivision of the State of New Mexico. One of its agencies and/or operations is the Defendant Lea County Detention Center located at 1401 S. Commercial Street, Lovington, Lea County, New Mexico.

5. Defendant Warden John Doe is the warden of the Lea County Detention Center. He is named herein in his official capacity, as such term is used within the jurisprudence of 42 U.S.C. § 1983. Upon information and belief, he is the final policymaker for the Lea County Detention Center.

6. Defendant Nor-Lea General Hospital (Hospital) of Lovington, Lea County, New Mexico and a political subdivision of the State of New Mexico. At all times material hereto, the Hospital was contracted for the medical treatment of inmates at the Lea County Detention Center, including medical and mental health evaluations and for claims against it and as such, is properly subject to suit in this Court.

7. City of Hobbs Police Department and the Board of Commissioners of the City of Hobbs, (collectively "Hobbs Defendants") were also in charge of, and responsible for, the enforcement of all policies, procedures and guidelines within the City and its departments, namely Hobbs Police Department (hereinafter "HPD"), and the actions of such employees,

agents and/or departments of Hobbs Defendants. This charge and responsibility included supervision and discipline of employees and administrators including, but not limited to officers of HPD.

8. At the time of the events complained of herein, December 11-12, 2014, these Defendants were acting within the course and scope of their agency and/or employment with HPD and under state law. These Defendants engaged in the wrongful conduct that caused and contributed to the violation of Plaintiff's civil rights. The Board of Commissioners of the City of Hobbs is vicariously liable for these Defendants' wrongful conduct as alleged in this Complaint. At all times material hereto, Defendants, and each of them, acted under color of law and are sued in their official capacity.

9. Defendant Board of Commissioners of the City of Hobbs (hereinafter "City") is a municipality within the State of New Mexico and was the employer of HPD Defendants and are responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including these Defendants. Defendant City was responsible for the selection and retention of HPD officers as well as for the training, supervision and discipline of the above Defendants.

10. Defendant City of Hobbs Police Department is a political subdivision of the City of Hobbs, State of New Mexico, and a person in the meaning of 42 U.S.C. § 1983.

11. Defendants John Does I-X and Jane Does I-X upon further information and belief, married and residing in the County of Lea, State of New Mexico, at all times relevant hereto were acting in the furtherance of their marital communities. Said Defendants may include, but are not necessarily limited to employees and agents of Lea County Detention Center, who participated in the issues causing harm to Decedent, Chris Gaston.

3

12. Said Defendants have, upon information and belief, have helped to cause the incidents alleged herein. The true names of John and Jane Does I-X are not known but will be provided to this Court as they are learned.

13. Defendant Black and White Entities I-X are, upon information and belief, entities which operate in and have substantial ties to Lea County, State of New Mexico. Said Defendants have, upon information and belief, helped to cause the incident or accident alleged herein. The true names of Black and White Entities I-X are not known but will be provided to this Court as they are learned.

## JURISDICTION AND VENUE

14. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1343(3) (civil rights).

15. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

16. A proper notice of claim pursuant to N.M.S.A. § 41-4-16 was served upon Defendants on or about February 25, 2014 and March 6, 2014. Accordingly, the jurisdiction prerequisites for Plaintiffs' state law claims have been satisfied.

17. Plaintiffs' claims herein arise out of an incident involving officials at the Lea County Detention Center in the City of Lovington, in the County of Lea, State of New Mexico, within this judicial district. As such, venue is proper in this District.

## FACTUAL BACKGROUND

18. On or about December 11, 2014, the decedent, Chris Gaston (decedent) was arrested by the Hobbs Police Department (HPD) for a probation violation and transported to Hobbs City Jail located at 301 N. Dalmont, Hobbs, New Mexico, where he was detained.

19. Around 4 p.m. on December 12, 2014, Mr. Gaston was then transported to Lea County Detention Center (LCDC) in Lovington, NM.

20. Throughout his incarceration, Mr. Gaston requested medical care due to his heart condition and each time his request was denied.

21. The Decedent had a long history of heart issues, including a quadruple bypass at age 35, and in spite of knowing the Decedent's medical history, neither HPD or the LCDC who accepted the Decedent, performed a physical examination or gave him his medically prescribed and necessary heart medication.

22. Mr. Gaston was placed in the infirmary and shortly thereafter was found unresponsive.

23. Mr. Gaston was immediately transported to the hospital where he was pronounced dead.

24. Had the HPD or LCDC followed required protocol and given Mr. Gaston his heart medication or at least taken the time to answer his call for help, the Decedent would have received the emergency medical care he was in need of and his death could have been prevented.

25. Once in the care, custody and control of the LCDC, measures should have been taken to provide the decedent with appropriate medical care. The LCDC maintains a contract with Nor Lea General Hospital and the evidence will further show that no medical care was given.

26. When the state takes a prisoner into custody and holds him against his will, the constitution imposes it a "corresponding duty to assume some responsibility for his safety and general well-being." Thus, the government must provide adequate medical care to incarcerated persons, and it must provide services to involuntary committed mental patients to ensure their

reasonable safety. *Youngberry v. Romero, 457 U.S. 307, 314-25, 102 S. Ct. 2452, 73 L. Ed. 2nd 28 (1982).*

27. Here, the Defendants acted with complete and reckless disregard when its officers/employees knew that the Decedent was in need of serious medical attention and he was completely ignored.

28. Here, the Defendants acted with complete and reckless disregard when its officers/employees knew the inmate required heart medication, but refused to administer the medication or check on the welfare of the Decedent.

29. Upon information and belief, the decedent was in need of immediate medical care prior to his death and that the Defendants acted with reckless disregard by failing to take measures to provide the appropriate medical care that the Decedent deserved.

30. Upon information and belief, the evidence will further show that the Decedent was on blood pressure medication and the staff of HPS and LCDC refused the Decedent his medication, which contributed to his heart attack and death on December 12, 2014.

## CLAIMS FOR RELIEF

### Count One: 42 U.S.C. § 1983

**Denial of Rights under the United States Constitution, Eighth and Fourteenth Amendments; Deliberate Indifference to Medical and Mental Health Needs**

31. Plaintiff refers to paragraphs 1 through 30 of this Complaint and repeats and realleges said paragraphs as though fully set forth herein.

32. This is an action at law to redress the deprivation under color of statute, ordinances, regulations, custom, or usage of rights, privileges and immunities secured to the Decedent by the Eight/Fourteenth Amendments to the United States Constitution and arising under the Constitution, laws and statutes of the State of New Mexico.

33. During all times mentioned, the Defendants, and each of them, separately and in concert, acted under color of law. Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law, willfully and knowingly, to deprive the Decedent of his right to freedom and from cruel and unusual punishment and from state-occasioned harm, injury, damage to bodily integrity and death.

34. As a further result of the above described acts and omissions, the Decedent was deprived of the rights and immunities provided to him under the laws and Constitution of the United States and the State of New Mexico, including his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to equal protection of the laws.

35. The Defendant's and each of them, manifested deliberate indifference to the Decedent's serious psychological needs by failing to provide for any manner of preventive measures or medical evaluation, despite his knowledge that Decedent suffered from heart illness in the past.

36. The Defendant's and each of them, acted with deliberate indifference towards the Decedent and reflects an endemic problem with HPD and LCDC, through inadequate policies relating to the care and custody of physically ill individuals and inmates requiring medications to live, as well as deliberate indifference in the training and supervision of correctional officers with respect to the care and custody of these individuals.

37. As the Warden for the Lea County Detention Center, Defendant Warden John Doe personally demonstrated deliberate indifference in his decisions regarding the policies regarding care and custody of physically ill individuals and administering medications within

the Detention Center, as well as with respect to the training and supervision of detention officers regarding the care and custody of physically ill individuals.

38. Plaintiffs include the family of the Decedent, who had and have a due process right to the continued familial relationship which was breached by Defendants' wrongful conduct leading to the death of the Decedent.

39. As result of the foregoing policies, practices, and customs, as well as the conduct of the individual defendants (both supervisory and non-supervisory) alleged herein, the Decedent died while in the custody and care of Defendants, causing injury and loss to Plaintiffs.

### Count Two: Negligence / Gross Negligence

40. Plaintiff refers to paragraphs 1 through 39 of this Complaint and repeats and realleges said paragraphs as though fully set forth herein.

41. Defendants owe and owed a duty of care to inmates in their custody, including the Decedent, including the duty to reasonably identify, assess, and treat physically ill inmates and the duty to take reasonable steps to monitor and watch all inmates to prevent death.

42. Defendants further owe or owed a duty of care to inmates in their custody, including the Decedent, to provide necessary medications which could potentially avoid a harmful or life threatening condition if not administered.

43. Defendants further owe or owed a duty of care to inmates in their custody, including the Decedent, to respond to a call for help by any inmate experiencing a potentially harmful or life threatening condition.

44. Defendants breached their duty of care to the Decedent by failing to reasonably identify, assess, and treat him, by failing to take reasonable steps to monitor and watch him and by failing to respond to his pleas for help or assistance to prevent his death.

45. Defendants further breached their duty of care to the Decedent by failing to follow their own policies and procedures in caring for physically ill inmates and/or inmates in need of acute medical care.

46. Defendants' negligence and/or gross negligence caused or helped to produce the death of the Decedent. Such death would not have happened without Defendants' negligence and/or gross negligence.

47. Defendants were recklessly indifferent to the rights and/or safety of the Decedent, and such reckless indifference created an unreasonable risk of harm and/or a risk so great that it was highly probably to result in the death of/or injury to the Decedent.

48. As result of the foregoing, the Decedent' death while in the custody and care of Defendants has caused injury and loss to Plaintiff.

### Count Three: Medical Malpractice

49. Plaintiff refers to paragraphs 1 through 48 of this Complaint and repeats and re-alleges said paragraphs as though fully set forth herein.

50. The Nor-Lea medical staff's failure to properly diagnoses and treat the Decedent was grossly negligent and shocking to the conscience.

51. Pursuant to the contract maintained between the LCDC and the Nor-Lea Hospital, all inmates upon admission to the LCDC shall be medically screen within "1 hour of inmate arrival to the facility".

52. Had the staff of the Nor-Lea Medical Center properly screened the Decedent it would have been determined that the Decedent was in need of serious medical care which included the need to take certain medications on a daily basis.

53. Had the staff of the Nor-Lea Medical Center properly screened the Decedent upon admission to the facility it would have been determined that the Decedent was in need of serious health care medication to prevent death.

54. As a direct and proximate result of Defendant Nor-Lea's failure to evaluate the Decedent upon arrival the Defendants, and each of them, were negligent and careless, such that they failed to conform to the standards of practice customarily recognized by physicians and healthcare providers practicing in other Detention facilities in same or similar communities throughout the United States.

55. As a direct and proximate result of improper and/or failure evaluate and treat the Decedent during his incarceration, Defendant Nor-Lea caused the death of the Decedent.

56. As a further direct and proximate result of the negligence, carelessness, and willful and wanton misconduct of Defendant Nor-Lea Hospital, the Plaintiff has suffered and will continue to suffer loss of consortium, mental pain, suffering and anguish, having been deprived of the love and companionship and joy of his father.

57. As a further direct and proximate result of the negligence, carelessness, and willful and wanton misconduct of Defendant Nor-Lea Hospital, the Decedent was denied the medical care and treatment that he was Constitutionally entitled to receive.

**Count Four: Loss of Consortium**

58. Plaintiffs refer to paragraphs 1 through 57 of this Complaint and re-alleges said paragraphs as though fully set forth herein.

59. Plaintiffs, by and through the representative, are the son and daughter of the Decedent. As described above, Defendants were negligent, grossly negligent, recklessly indifferent, or deliberately indifferent to the care and custodial needs of the Decedent.

60. As a direct and proximate result of the above-described neglect, gross neglect, reckless indifference, and/or deliberate indifference the Decedent wrongfully died. As such, the Decedent's son and daughter have been denied the companionship, care, comfort, and emotional support they gave and received from the Decedent.

61. As a result of the loss of consortium with the Decedent, the Decedent's adult children have sustained injury, including economic losses, psychological trauma, and loss of hope, for which they are entitled to relief from Defendants.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendants and each of them as follows:

A. For special damages, including but not limited to medical fees and expenses, incurred on behalf of The Decedent;

B. For economic damages, including loss of support, as enumerated above;

C. For general damages, including but not limited to the damages enumerated above;

D. For exemplary damages against the individual defendants to the extent permitted by law;

E. For attorneys fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise may be allowed;

F. For taxable costs as may be allowed;

G. For pre- and post-judgment interest to the extent permitted by law;

H. For loss of consortium; and

H. For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues triable to a jury as a matter of law.

Dated this 21ˢᵗ day of March, 2017.

                                        Respectfully Submitted by:
                                        ZEBAS LAW FIRM, LLC
                                        /s/ Joseph M. Zebas
                                        Joseph M. Zebas
                                        *Attorney for Plaintiffs*
                                        P.O. Box 1675
                                        Hobbs, NM 88241
                                        (575)393-1024